**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RONALD WALTER HOHMAN,**

    **Plaintiff,**

v.                                                            **Case No.  8:14-cv-272-T-27TBM**

**CITY AND BOROUGH OF JUNEAU,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a preliminary matter, upon review and consideration of the Affidavit of Indigency (Doc. 2), I recommend that the Motion be denied.  Plaintiff has earned $12,000 "[plus] summer work in tourist [industry]" in the last twelve months.[1]  Moreover, he has $1,000 in

---

[1] Plaintiff also indicates that he is a retired state of Alaska teacher, and earns or earned $1,005 a month from that job.

savings. He also owns a home, which while at issue in this suit, is valued at $550,000. While he states that he owes $20,000 to friends, it does not appear that he makes monthly payments towards those debts. Nor does he list any other monthly expenditures. Thus, a comparison of the income versus monthly expenses indicates that Plaintiff has the wherewithal to pay the filing fees in this cause.

Moreover, the Court must also determine whether Plaintiff's Complaint (Doc. 1) is frivolous or fails to state a claim, and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and

hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

By his Complaint, Plaintiff, Ronald Walter Hohman, brings suit against the City and Borough of Juneau, Alaska, alleging a violation of his Fourth, Fifth and Fourteenth Amendment rights. An attempt at understanding the Complaint suggests that the basis for his claims arise from being falsely arrested and incarcerated in February 2012 for health and safety issues created by the City and Borough of Juneau's Public Works Department at his residence. He alleges that his constitutional rights have been violated because his residence, at 3101 Nowell Avenue, Juneau, Alaska, was compromised as a result of Defendant's actions. In particular, his residence was "violated with 'vapor intrusion,' 'transfer of air contaminates,' and a variety of molds, creating a serious structual [sic] issue." (Doc. 1 at 1).

While it is conceivable that Plaintiff may have a legitimate and cognizable claim in some court, the factual allegations here are a jumbled mess full of irrelevant and immaterial allegations that fail to establish the elements of any asserted cause of action against any particular person or entity. Moreover, an initial review of the Complaint raises jurisdiction and venue concerns. Pursuant to 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.  Here, Defendant is the City and Borough of Juneau, Alaska, and Plaintiff is a resident of Alaska.  Plaintiff's alleges that his residence, in Juneau, Alaska, was compromised as a result of Defendant's actions.  Thus, by Plaintiff's allegations, there does not appear to be a connection with this District or the State of Florida.

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the Court grant Plaintiff permission to file an Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

> Respectfully submitted on this
> 2nd day of April 2014.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

4

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
*Pro Se* Plaintiff